UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL PAUL VAN METER,        )
                               )
          Plaintiff,           )
                               )   CAUSE NO. 3:11-CV-333 WL
     v.                        )
                               )
JAMES WITHERS, *et al.*,       )
                               )
          Defendants.          )

OPINION AND ORDER

Michael Paul Van Meter, a *pro se* plaintiff, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis.* (DE 1, 2.) Under the *in forma pauperis* statute, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review, Van Meter is seeking damages for "wrongful incarceration" in connection with his 1991 burglary conviction in Tippecanoe County. (DE 1.) Giving the complaint liberal construction, Van Meter alleges that two detectives, a prosecutor, and his own attorney conspired to deny him of his rights under the "Sixth, Eighth, and Fourteenth Amendments" by presenting misleading forensic evidence at his trial and failing to disclose exculpatory evidence to him. (*See* DE 1 at 3-5.)

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff may not pursue a claim for monetary damages which necessarily implies the invalidity of a criminal conviction unless the conviction has been overturned or otherwise invalidated. Here, Van Meter is seeking damages in connection with an alleged wrongful conviction, but he does not allege that his 1991 criminal

conviction has been overturned or otherwise invalidated. (*See* DE 1.) In fact, the records of this court show that Van Meter unsuccessfully sought to have his conviction set aside in a habeas petition filed in 1998. *See Van Meter v. Anderson*, 3:98-CV-460 (N.D. Ind. order dated Dec. 23, 1998). He appealed the denial of the petition, but his motion for a certificate of appealability was denied by the U.S. Court of Appeals for the Seventh Circuit. *Id.*, DE 34. More recently, Van Meter challenged this same conviction in a petition for writ of *coram nobis* filed with this court. *See Van Meter v. State of Indiana*, 4:11-CV-31 (N.D. Ind. filed May 19, 2011). That petition was also denied, and Van Meter's appeal remains pending. *Id.*, DE 3, 5. Unless and until Van Meter's 1991 burglary conviction is overturned or otherwise invalidated, he cannot pursue a claim for damages under 42 U.S.C. § 1983.

For these reasons, the motion for leave to proceed *in forma pauperis* (DE 2) is DENIED and the complaint (DE 1) is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

ENTERED: August 30, 2011

s/William C. Lee<br>
William C. Lee, Judge<br>
United States District Court